UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:24-CR-00057-8-JRG-CRW |
| | ) | |
| MARK ANTHONY TRENT | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Cynthia R. Wyrick [Doc. 159] recommending that this Court deny Defendant Mark Anthony Trent's Motion to Suppress [Doc. 129] and Defendant's Objection to the Report and Recommendation [Doc. 181]. For the following reasons, the Court **OVERRULES** Defendant's Objection, **ADOPTS in FULL** the Magistrate Judge's Report and Recommendation, and **DENIES** Defendant's Motion to Suppress.

### I. BACKGROUND

In June 2024, a federal grand jury indicted Defendant on charges of conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and related charges. [Doc. 3]. Defendant subsequently filed a motion to suppress [Doc. 129], which was opposed by the United States [Doc. 141]. After holding an evidentiary hearing, the Magistrate Judge filed her report, recommending that Defendant's motion to suppress be denied. [Doc. 159]. Defendant filed an Objection to the Report and Recommendation on March 17, 2025 [Doc. 181], and the United States responded in opposition to Defendant's Objection [Doc. 184].

In his Objection, Defendant challenges the Magistrate Judge's legal conclusion that reasonable suspicion supported an extension of the March 13, 2024, traffic stop. [Doc. 181 at 1]. However, Defendant did not object to the findings of fact outlined in the Report and

Recommendation. Accordingly, after reviewing the record before the Court and finding the facts to be consistent with the Report and Recommendation, the Court **ADOPTS by REFERENCE** the facts as set out in the Report and Recommendation. [Doc. 159 at 3–8]. The Court will refer to the facts only as necessary to analyze the issues raised in the Objection.

This matter is ripe for review.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 59, "[a] district judge may refer to a magistrate judge for recommendation a defendant's . . . motion to suppress evidence." Fed. R. Crim. P. 59(b)(1). When, as here, a party files a timely written objection to the report and recommendation, this Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). "The district court is not required to review – under a de novo or any other standard – 'any issue that is not the subject of an objection.'" *Dickson v. Green Dot Pub. Sch.*, No. 22-cv-2070, 2022 U.S. Dist. LEXIS 157139, at *5 (W.D. Tenn. Aug. 31, 2022) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). After reviewing the evidence, this Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is a "seizure" of "persons" within the meaning of the Fourth Amendment. *Brendlin v. California*, 551 U.S. 249, 251 (2007). Therefore it must be reasonable. At its inception, a traffic stop is reasonable if there was probable cause to believe a traffic violation occurred, regardless of the officer's subjective motivation for making the stop. *Whren v. United States*, 517 U.S. 806, 810,

813 (1996). However, a lawfully initiated traffic stop can become unreasonable if it exceeds the scope or duration necessary to address the traffic infraction. *United States v. Whitley*, 34 F.4th 522, 529 (6th Cir. 2022) (citing *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)).

"If an officer exceeds the scope or duration of a traffic stop, he must have 'reasonable suspicion' [of criminal activity] to continue the stop on unrelated grounds." *Id.* (citing *Rodriguez*, 575 U.S. at 354–55). Reasonable suspicion is not a difficult standard to meet, requiring just "a minimal level of objective justification." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). However, it is more than an ill-defined hunch; it requires "a particularized and objective basis for suspecting the particular person . . . of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). Whether an officer's suspicions are reasonable depends on the totality of the circumstances. *Id.*

Here, Defendant challenges only the duration of the stop. The record shows that the traffic stop effectively ended at approximately 2:10 a.m. [Doc. 159 at 7]. At that point, Lt. Ford had written a warning citation and received confirmation from dispatch that Defendant and his passenger, Saundra Hamilton, had no outstanding warrants. [*Id.*]. Hence, Defendant's continued detention while the K-9 unit arrived and conducted the open air sniff exceeded the scope and duration necessary to address the traffic infraction. This extension of the stop is unlawful unless Lt. Ford had reasonable suspicion to continue the stop on other grounds.

The Court agrees with the Magistrate Judge that Lt. Ford had reasonable suspicion that Defendant was engaged in criminal activity. As the Magistrate Judge stated, the other officers' knowledge is imputed to Lt. Ford under the collective knowledge doctrine. *United States v. Mendoza-Ricardo*, 815 F. App'x 970, 976 (6th Cir. 2020) (cleaned up) (providing that "an officer may conduct a stop based on information obtained by fellow officers rather than information the

3

detaining officer [himself] possesses."). At the time of the stop, law enforcement knew that Defendant's passenger, Saundra Hamilton, had been named by multiple sources as a drug distributor. [Doc. 159 at 3]. Informants told law enforcement that Hamilton was obtaining large amounts of methamphetamine in the Atlanta, Georgia area and transporting those drugs to Northeast Tennessee. [*Id.*]. Officers had observed Defendant's rental vehicle frequenting Hamilton's residence. [*Id.*]. And based on a ping warrant, they knew that Defendant and Hamilton had made two quick trips, described by law enforcement as "turn and burn" trips, to the Atlanta, Georgia area on March 3, 2024, and March 12, 2024, in Defendant's rental vehicle. [*Id.* at 4]. Agent Bulla testified that drug traffickers often use rental cars and illegal license plate covers, such as the one on Defendant's rental vehicle, to avoid detection. [*Id.* at 3–4, 5]. In addition, officers knew that Defendant and Hamilton had prior convictions for drug offenses. [*Id.* at 4]. Any one of these facts, by itself, would not be sufficient to create reasonable suspicion. But based on the totality of the circumstances, Lt. Ford had a particularized and objective basis for suspecting that Defendant was involved in criminal activity.

Defendant contends that reasonable suspicion was lacking because law enforcement did not directly observe him engage in suspected narcotics activity. [Doc. 181 at 7–8]. In support of this argument, he notes that in several cases cited by the Magistrate Judge, such observations by law enforcement served as a basis for reasonable suspicion. [*Id.* at 4–7]. He contrasts those cases with the instant case where "no one saw [him] or the vehicle in which he was driving go to a location to rendezvous with a known drug dealer or runner and accept any package of any description which could be construed as a repository for drugs." [*Id.* at 8]. Although direct observation of suspected drug activity is certainly relevant to the reasonable suspicion analysis, circumstantial evidence such as existed here may also be sufficient. *See, e.g. United States v.*

4

*Williams*, 68 F.4th 304, 308–309 (6th Cir. 2023) (finding that Defendant's odd cross-country travel along a known drug corridor, "dubious travel plans," use of a rental car, lack of eye contact with officer, and status of being on probation provided reasonable suspicion to extend the traffic stop for a K-9 sniff of vehicle). Thus, Defendant has not identified any error in the Magistrate Judge's conclusion that his detention was supported by reasonable suspicion.

## IV. CONCLUSION

For the reasons discussed above, Defendant's Objection to the Report and Recommendation [Doc. 181] is **OVERRULED**; the Report and Recommendation [Doc. 159] is **ADOPTED in FULL**; and Defendant's Motion to Suppress [Doc. 129] is **DENIED**.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE